# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**MINDY WELFORD,**                                                                              **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO.** 1:20-cv-151-LG-RHW

**EQUIFAX INFORMATION SERVICES, LLC, a Georgia limited liability company, and PROFESSIONAL COLLECTION SERVICE, INC., a Georgia corporation                                                                 DEFENDANTS**

## COMPLAINT

### JURY TRIAL REQUESTED

COMES NOW the Plaintiff, Mindy Welford, by and through the undersigned counsel, Jacob R. Burns, and for her Complaint against the Defendants, and in support shows the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

3. The transactions and occurrences which give rise to this action occurred in the City of Poplarville, Pearl River County, Mississippi.

4. Venue is proper in the Southern District of Mississippi, Southern Division.

5. Plaintiff is a natural person residing in City of Poplarville, Pearl River County, Mississippi.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Mississippi; and

   b. Professional Collection Service, Inc. ("Professional Collection"), is a Georgia corporation that conducts business in the State of Mississippi;

## GENERAL ALLEGATIONS

7. Professional Collection is inaccurately reporting its tradeline ("Errant Tradeline") on Plaintiff's Equifax credit disclosure with an erroneous account status as open.

8. The account reflected by the Errant Tradeline was discharged in her Chapter 7 Bankruptcy petition.

9. The Errant Tradeline should be reported by Professional Collection with an account status as closed.

10. On December 3, 2019, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradeline inaccurately reporting with an erroneous account status as open.

11. On or about December 5, 2019, Plaintiff submitted a letter to Equifax, disputing the Errant Tradeline.

12. In her dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline was discharged in her Chapter 7 Bankruptcy petition. Accordingly, she asked Equifax to report the Errant Tradeline with the account status as closed.

13. Equifax forwarded Plaintiff's consumer dispute to Professional Collection.

14. Professional Collection received Plaintiff's consumer dispute from Equifax.

15. Professional Collection did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

16. Plaintiff had not received Equifax investigation result. Therefore, on January 16, 2020, Plaintiff obtained her Equifax credit disclosure, which confirmed that Equifax and Professional Collection failed or refused to report the Errant Tradeline with an account status as closed.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PROFESSIONAL COLLECTION

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous reporting of the account status on the Errant Tradeline, Professional Collection negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

20. Professional Collection negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with an account status as closed.

4

21. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

22. As a direct and proximate cause of Professional Collection's negligent

failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Professional Collection is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

24. Plaintiff has a private right of action to assert claims against Professional Collection arising under 15 USC 1681s-2(b).

25. Plaintiff therefore requests that this Court grant her a judgment against the Defendant Professional Collection for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PROFESSIONAL COLLECTION

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Professional Collection willfully failed to conduct

a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with an account status as closed.

28. Professional Collection willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

29. As a direct and proximate cause of Professional Collection's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. Professional Collection is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

31. Plaintiff therefore requests that this Court grant her a judgment against the Defendant Professional Collection for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

# COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

34. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

35. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

36. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

37. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

38. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

39. Plaintiff therefore requests that this Court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

42. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

43. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

44. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

46. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681n.

47. Plaintiff therefore requests that this Court grant her a judgment against

Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## PRAYER FOR JUDGMENT RELIEF

Accordingly, Plaintiff request that this Court grant her the following relief:

a: Against the Defendant Professional Collection for damages, costs, interest, and attorneys' fees.

b: Against the Defendant Professional Collection for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

c: Against Equifax for actual damages, costs, interest, and attorneys' fees.

d: Against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: April 24, 2020

By: /s/Jacob R. Burns
Jacob R. Burns
MSB # 104695
P.O.Box 2159
Pascagoula, MS 39569-2159
jacob.richard.burns@gmail.com
(228) 623-5676
ATTORNEY FOR PLAINTIFF
