IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **MINDY WELFORD** | **PLAINTIFF** |
| v. | CAUSE NO. 1:20-cv-151-LG-RPM |
| **EQUIFAX INFORMATION SERVICES, LLC, and PROFESSIONAL COLLECTION SERVICE, INC.** | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are the [20] Motion for Summary Judgment filed by Defendant, Professional Collection Service, Inc. ("PCS") and the [23] Motion for Summary Judgment filed by Defendant, Equifax Information Services, LLC ("Equifax"). Plaintiff did not respond to the Motions. Having considered the submissions of the parties, the record, and relevant law, the Court finds that summary judgment is warranted.

### BACKGROUND

Plaintiff, Mindy Welford, alleges that Defendants PCS and Equifax have "failed or refused to report" that her Equifax tradeline is closed. (Compl., ¶ 16, ECF No. 1). Plaintiff alleges that the relevant tradeline was discharged in a Chapter 7 bankruptcy proceeding. (*Id.* at ¶ 8). After reviewing her Equifax credit disclosure reporting the account as open, Plaintiff allegedly disputed the open account status in a letter to Equifax. (*Id.* at ¶¶ 10-12). Plaintiff claims that Equifax forwarded her letter to PCS, which failed to conduct a proper investigation or act on the dispute.

(*Id.* at ¶¶ 13-17). On April 24, 2020, Plaintiff brought this action under the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681 *et seq.*, alleging that Equifax and PCS negligently and intentionally violated the FRCA and caused damage to her credit, emotional harm and undue stress and anxiety. (*See generally id.* at ¶¶ 17-47). Plaintiff claims violations of 15 U.S.C. §§ 1681e(b), 1681i, and 1681s-2(b).

On July 23, 2020, Defendant PCS filed a Notice of Service of Rule 26(a)(1) Initial Disclosures. (Not. Serv., ECF No. 13). On September 28, 2020, Defendant Equifax also filed its Notice of Service of Rule 26(a)(1) Initial Disclosures. (Not. Serv., ECF No. 19). Both were filed within the applicable deadline set forth by the Magistrate Judge in the Case Management Order. (Case Mgmt. Order, ECF No. 18). Plaintiff did not file her initial disclosures, nor has she shown any activity in her case beyond the original Complaint. Further, Defendants report that Plaintiff has not responded to discovery requests, including requests for admission. (Mem. Law Supp. Def.'s Mot. Summ. J., 2, ECF No. 22).

Plaintiff's apparent absence from this litigation was discussed at a telephonic status conference dated October 22, 2020, which neither Plaintiff nor her counsel attended despite invitations to do so. (*See* Minute Entry, Oct. 22, 2020). At the conference, "[t]he Court directed Defendants' counsel to file an appropriate motion regarding Plaintiff's failure to file disclosures as directed by the case management order, as well as the issue of Plaintiff's failure to respond to discovery." (*Id.*). These Motions for Summary Judgment followed.

**DISCUSSION**

I.     **Motion for Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the evidence presented by the nonmovant "'is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249). In deciding whether summary judgment is appropriate, the Court views the evidence and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). "'[A]dmissions on file' can be an

appropriate basis for granting summary judgment." *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) (citing Fed. R. Civ. P. 56(c)).

## II. Merits of Defendants' Motions

### 1. Plaintiff's Deemed Admissions

Under Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." *Id.* R. 36(b).

When the 30-day deadline has expired, the adverse party's "sole recourse is to move to withdraw or amend the deemed admissions under Rule 36(b)." *Richmond v. SW Closeouts, Inc.*, No. 3:14CV4298-K, 2016 WL 3090672, at *5 (N.D. Tex. June 2, 2016). If "they have not done so, . . . the Court has no basis to otherwise order any deemed admission withdrawn." *Id.*; *see also Ross v. Digioia*, Civ. No. 11-1827, 2012 WL 13001076, at *1 (E.D. La. May 2, 2012) ("The burden is on defendant to file a motion to withdraw what has been deemed admitted."). "Without a motion to withdraw or amend the admission, the Court may not *sua sponte* disregard those facts." *Maldonado v. Bank of Am.*, No. Civ. No. SA-12-CA-442-FB, 2013 WL 12108679, at *3 (W.D. Tex. June 14, 2013) (citing *Am. Auto Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991)).

Here, PCS filed a Notice of Service of Request for Admissions on August 13, 2020. (*See* Not. Serv., ECF No. 16). Counsel for PCS states by way of affidavit that "[a]t no time has Plaintiff responded to any of Defendant's written discovery requests" or "requested or otherwise sought an extension of time to serve her responses to Defendant's written discovery requests." (Aff. H. Richmond Culp, III, ¶¶ 4-8, ECF No. 21). Nor does the docket reflect any attempt by Plaintiff to rectify her inaction; she has not moved to withdraw or amend these admissions, and she did not respond to the Defendants' summary judgment motions. As 30 days have now passed, the requests are deemed admitted by operation of Rule 36(a)(3).

The relevant requests seek several admissions from Plaintiff, including "that Plaintiff has not been damaged as a result of any acts or omissions alleged in Plaintiff's complaint"; "that Plaintiff did not personally dispute the account that forms the basis of this litigation"; "that [Plaintiff] did not authorize any person or entity to dispute the account that forms the basis of this litigation on [her] behalf"; "that PCS did not report any inaccurate information regarding Plaintiff to any credit reporting agency"; and "that PCS has not communicated any credit information concerning Plaintiff which is false or should be known to be false to any person." (Req. Admis. ¶¶ 4, 8, 9, 32, 33, ECF No. 21).

"[I]f the requests for admissions concern an essential issue, the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party." *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008); *see also In re Carney*, 258 F.3d at 421 (same); *Hill v. Breazeale*, 197 F. App'x

331, 336 (5th Cir. 2006) (same); *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 549 (5th Cir. 1985) (same).  Hence, the Court must consider these deemed admissions, even those made by default, on summary judgment.

### 2.  FCRA Claims

Plaintiff's lawsuit is brought under the provisions of the Fair Credit Reporting Act (FRCA).  Plaintiff alleges violations of 15 U.S.C. §§ 1681e(b), 1681i, and 1681s-2.  Section 1681e(b) provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  Plaintiff must demonstrate inaccurate information to recover under § 1681e(b).  *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 267 n. 3 (5th Cir. 2000) (collecting cases).  By operation of Rule 36, however, Plaintiff is deemed to admit "that PCS did not report any inaccurate information regarding Plaintiff to any credit reporting agency" and "that PCS has not communicated any credit information concerning Plaintiff which is false or should be known to be false to any person."  (*See* Req. Admis. ¶¶ 32-33, ECF No. 21).  There is therefore no genuine issue of material fact on this matter, so Plaintiff's § 1681e(b) claims must be dismissed.

Section 1681i "allows customers to dispute 'the completeness or accuracy of any item of information contained in a consumer's file' and requires the CRA to 'conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.'"  *Hammer v. Equifax Info. Servs.*, 974 F.3d 564, 569 (5th

Cir. 2020) (quoting 15 U.S.C. § 1681i(a)(1)(A)). "If the disputed item is 'inaccurate or incomplete or cannot be verified,' the CRA must promptly modify or delete it." *Hammer*, 974 F.3d at 569 (quoting 15 U.S.C. § 1681i(a)(5)(A)). Moreover, "'Section 1681s-2(b) imposes duties on furnishers of information to, *inter alia*, investigate disputed information and report the results of any such investigation to the consumer reporting agency.'" *Hopson v. Chase Home Fin., LLC*, 14 F. Supp. 3d 774, 789 (S.D. Miss. 2014) (quoting *Young v. Equifax Credit Info. Servs.*, 294 F.3d 631, 639 (5th Cir. 2002)). "[T]his duty to investigate arises only after proper notice from a credit reporting agency of a dispute by the consumer under § 1681i(a)(2)." *Hopson*, 14 F. Supp. 3d at 790. Hence, Plaintiff's claims under §§ 1681i and 1681s-2 must fail if Plaintiff never disputed the alleged error or inaccuracy. By way of Plaintiff's Rule 36 admissions, there is no genuine issue of material fact that Plaintiff did not dispute the matter or authorize any person or entity to dispute it on her behalf. (*See* Req. Admis. ¶¶ 7-9, ECF No. 21). Plaintiff's claim is thereby missing an essential element. Her causes of action under §§ 1681i and 1681s-2 must be dismissed.

  Additionally, Plaintiff's deemed admission "that [she] has not been damaged as a result of any acts or omissions alleged in [her] Complaint" is fatal to her claims for damages. (*Id.* at ¶ 4); *see also Wagner v. BellSouth Telecomms., Inc.*, 520 F. App'x 295, 298-99 (5th Cir. 2013) (holding that "Wagner has made no allegations and provided no evidence of damages she suffered from the credit line reduction, and thus under *Smith* she has no viable economic damages claim," and the same

was true of her emotional distress damages); *Zywczyk v. IC Sys. Inc.*, No. 5:17CV973-DAE, 2018 WL 6430789, at *3 (W.D. Tex. Nov. 8, 2018) (holding that Plaintiff's deemed admissions on damages precluded her FCRA claim).[1]

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [20] Motion for Summary Judgment filed by Defendant, Professional Collection Service, Inc., and the [23] Motion for Summary Judgment filed by Defendant, Equifax Information Services, LLC, are **GRANTED**.  This cause is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 2nd day of December, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is also deemed to have admitted that PCS specifically was not the cause of any damages, that she "is not seeking emotional distress damages from Defendant," and that she "has not sought or received any medical attention for any damage caused by PCS." (*Id.* at ¶¶ 2, 3, 5).